UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH RAJOTTE,

    Plaintiff,

v.                                          Case No: 6:12-cv-372-Orl-28TBS

FABCO METAL PRODUCTS, LLC,

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc. 16). Defendant Fabco Metal Products, LLC has not responded and the time to do so has expired. Upon due consideration, I respectfully recommend that Plaintiff's motion be **DENIED WITHOUT PREJUDICE**.

### I. Background

On March 7, 2012, Plaintiff Joseph Rajotte filed an action against Defendant Fabco Metal Products, LLC for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 101 et seq. (Doc. 1). Plaintiff alleges that he worked for Defendant as a welder/fabricator. (Id. ¶ 8). He complained of dizziness and Defendant directed him to visit a physician. (Id. ¶ 12). The physician opined that "Plaintiff could work on light duty." (Id. ¶ 13). Plaintiff alleges that Defendant refused to provide a light duty work option and eventually terminated him. (Id. ¶¶ 15, 17). Plaintiff claims that he "was terminated based upon [his] disability and/or perceived disability in violation of the Americans with

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Disabilities Act[.]" (Id. ¶ 20). Plaintiff seeks compensatory damages consisting of back pay and lost benefits, damages for mental anguish and suffering, punitive damages, and costs associated with this litigation. (Id. ¶ 24). Defendant has failed to appear in this action and on July 11, 2012, the Clerk of Court entered default against the company. (Doc. 12). Plaintiff now seeks the entry of final default judgment against Defendant. (Doc. 16).

## II. Discussion

The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment, pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Upon due consideration, I find that the entry of a default judgment would be improper because (1) service of process on Defendant was insufficient, and (2) Plaintiff's requested damages are estimated not liquidated.

### A. Insufficient Service

The federal rules provide that service can be made by any manner accepted in the state where the district court is located or were service is made, or "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" FED. R.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Civ. P. 4(h)(1), (e)(1).  Here, service of process was attempted at a South Florida address.  In the state of Florida, "[a] corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state.  As an alternative, process may be served on the agent designated by the corporation as its registered agent."  Mid-Continent Cas. Co. v. Harbor Springs Constr., Case No. 2:10-cv-330-Ftm-29SPC, 2010 U.S. Dist. LEXIS 92412, at *2 (M.D. Fla. Aug. 26, 2010) (citing Fla. Stat. § 48.081(1)(a-d), (3)(a)).

Service was made on Carrie Hunter, secretary at what the Court presumes is the law firm of White & Case,[3] 200 S. Biscayne Blvd., Ste. 4900, Miami, Florida.  (Doc. 9).  A review of Defendant's business records reveals that the law firm's Miami office is listed as the principal address for the corporation.[4]  Attorney K. Lawrence Gragg is listed as Defendant's registered agent.[5]  Apparently, Mr. Gragg is no longer associated with the law firm, as his name does not appear on White & Case's website.

I am unable to determine from the record evidence the nature of Ms. Hunter's relationship with Defendant or Mr. Gragg.  Plaintiff has not established an effective date of Mr. Gragg's departure from White & Case and whether it occurred before or after Ms. Hunter was served.  In light of Mr. Gragg's departure, Plaintiff has also failed to establish that service was properly made on the corporate defendant's "president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business

---

[3] The "Process Receipt and Return" shows that Ms. Hunter was served at the "White Castle law firm."  The Court assumes this is a scrivener's error.

[4] http://www.sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=L04000030152&inq_came_from=NAMFWD&cor_web_names_seq_number=0001&names_name_ind=&names_cor_number=&names_name_seq=&names_name_ind=&names_comp_name=FABCOMETALPRODUCTS&names_filing_type=

[5] Id.

agent residing in the state." See Mid-Continent, 2010 U.S. Dist. LEXIS 92412, at *2. In sum Plaintiff has failed to establish that the service of process on Ms. Hunter satisfied the requirements of FED. R. CIV. P. 4(h)(1), (e)(1). Accordingly, I respectfully recommend that Plaintiff's motion for entry of default judgment against Defendant be denied. I also recommend that Plaintiff be permitted to reassert the motion, to the extent appropriate, once service has been properly effected.

### B. Estimated Damages

Because I have concluded that the entry of default judgment against Defendant would be inappropriate due to Plaintiff's insufficient service of process, I respectfully recommend that the district court find Plaintiff's request for damages and attorney's fees to be moot. Nevertheless, it is important to remind Plaintiff that his "allegations relating to the amount of damages are not admitted by virtue of default . . ." Escapes!, Inc. v. Buniak, CIVIL ACTION NO: 09-00515-KD-M, 2012 U.S. Dist. LEXIS 157970, at *19 (S.D. Ala. Sept. 27, 2012). "[W]hen a default judgment seeks an uncertain or speculative damage amount, a court 'has an obligation to assure that there is a legitimate basis for any damage award it enters[.]]" Beringer v. Hearshe, Kemp, LLC, 1:10-cv-1399-WSD-ECS, 2011 U.S. Dist. LEXIS 87503, at * 5 (N.D. Ga. Aug. 8, 2011); see also Everyday Learning Corp. v. Cheryl Larson, 242 F.3d 815, 818 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.") (citing Thomson v. Wooster, 114 U.S. 104, 111 (1885) and 10A Charles Wright & Miller, Federal Practice and Procedure § 2688 (3d. ed. 1998)). Accordingly, Plaintiff is on notice that this Court will not award an "estimated" amount of damages. See (Doc. 16-1 ¶¶ 3-6; Doc. 16-2 at 1).

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's Motion for Entry of Default Judgment (Doc. 16) be **DENIED WITHOUT PREJUDICE**, to be reasserted, to the extent appropriate, once service has been properly effected.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 12, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record